MARK S. POSARD (SBN: 208790)
mposard@grsm.com
STEPHANIE BUTORI ULMAN (SBN: 253759)
sulman@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 875-3343
Facsimile: (415) 986-8054

Attorneys for Defendants and Cross-Complainants
BARULICH, DUGONI, AND SUTTMAN LAW GROUP, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANELLE ALLEN, SARA BURTON, CHRISTIE OROZCO, and ROYALL WALTERS,<br><br>Plaintiffs,<br><br>vs.<br><br>BARULICH, DUGONI, AND SUTTMAN LAW GROUP, INC. and DOES 1-25,<br><br>Defendants.<br><hr>BARULICH, DUGONI AND SUTTMAN LAW GROUP, INC.,<br><br>Cross-Complainants,<br><br>vs.<br><br>D.A. POPE, INCORPORATED and DOES 26-50,<br><br>Cross-Defendants. | CASE NO. 19-cv-02657<br><br>**CROSS-COMPLAINANT BARULICH, DUGONI AND SUTTMAN LAW GROUP, INC.'S CROSS-COMPLAINT FOR DAMAGES**<br><br>**Demand for Jury Trial** |

Cross-Complainants BARULICH, DUGONI AND SUTTMAN LAW GROUP, INC. ("BDS") demands a trial by jury of all issues and alleges as follows:

**PARTIES**

1. BDS is a corporation organized and existing in the State of California, with its principal place of business located in San Mateo, California.

-1-
CROSS-COMPLAINANTS BARULICH, DUGONI AND SUTTMAN LAW GROUP, INC.'S CROSS-COMPLAINT FOR DAMAGES

2. Cross-Defendant D.A. POPE, INCORPORATED ("Pope") is a corporation organized and existing in the State of California, with its principal place of business located in Foster City, San Mateo County, California.

3. BDS is ignorant of the true names and capacities of the cross-defendants sued herein as DOES 26 through 50 and, therefore, sue these cross-defendants by such fictitious names. BDS will amend this cross-complaint to allege their true names and capacities when ascertained. BDS is informed and believes and thereon alleges that each of said fictitiously named cross-defendants are responsible in some manner for the occurrence alleged herein, and that BDS's injuries as herein alleged were proximately caused by said fictitious cross-defendants.

4. BDS is informed and believes, and based on such information and belief alleges, that at all times herein mentioned, each of the cross-defendants named herein was the agent of the remaining cross-defendants and was acting in the course and scope of said agency.

## JURISDICTION AND VENUE

5. This Court has supplemental jurisdiction of the parties and claims pursuant to 28 U.S.C. § 1367(a) in that the claims asserted herein form part of the same case or controversy as the underlying action.

6. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) in that Pope is a corporation organized and existing in the State of California, with its principal place of business located in Foster City, San Mateo County, California, which is within the Northern District of California.

## FACTUAL ALLEGATIONS

7. Pope is a construction company and/or contractor based in Foster City, California. In or about November 2017 and continuing through approximately June 2018, Pope performed construction work at 400 South El Camino Real, Suite 1100, San Mateo, California. BDS's office is located in the same building, in Suite 1000, one floor below Suite 1100, where Pope was performing construction work.

8. Also in or about November 2017, BDS employees began complaining of a strong smoke odor and construction debris and dust in the air, as well as respiratory symptoms including sore throat, headache, nausea, and nasal congestion, as well as skin rashes and irritated eyes, among other things.  BDS contacted building management, which advised BDS that Pope was performing construction in Suite 1100, and that this construction was likely the reason for the air quality and odor.  This strong odor lingered for months and some employees believed it got worse.  The debris and dust was so ubiquitous that particulate matter covered all surfaces such as doors and desks, and was easily visible to the naked eye.

9. On or about November 29, 2017, the fire department closed BDS's office due to the strong odor and poor air quality.

10. On several days, BDS was forced to shut its entire office down and send its employees home due to the construction debris and dust created by Pope, which created unsafe working conditions for BDS employees.

11. On information and belief, Pope engaged in non-permitted work, which contributed to the construction debris and dust.

12. On information and belief, Pope took no action to prevent its construction debris and dust from migrating to Suite 1000.  Only after substantial debris and dust had migrated to Suite 1000 did Pope take any action.  Even then, it took only minimal steps to address the effects of its construction on BDS's offices and employees, which proved insufficient.  BDS is informed and believes that Pope plugged the floor penetrations between Suites 1000 and 1100, to prevent further construction debris and/or odors from migrating to Suite 1000.  These efforts came too late and proved insufficient.  On information and belief, Pope did nothing further to address the effects of its construction on BDS and its employees. In fact, while Pope initially agreed to cease all construction, BDS employees observed Pope nonetheless engaging in construction at various hours.

13. Numerous BDS employees took sick leave, filed workers' compensation claims, took medical leaves, required accommodations and had difficulty performing their work when in the office, all of which caused monetary damage to BDS.  BDS also incurred damages in

1  addressing the issues caused by Pope including, but not limited to, attorneys' fees, business
2  interruption, costs to hire temporary workers to cover those employees forced to take leave,
3  multiple rounds of air quality testing, cleaning fees, and expenses in purchasing respiratory
4  masks.  These damages exceed $100,000.

5  14.  BDS has also been harmed in that Plaintiffs Janelle Allen, Sara Burton, Christie
6  Orozco and Royall Walters ("Plaintiffs") all contend that their health issues resulted from poor
7  air quality and debris from Pope's construction.  To the extent Plaintiffs' obtain any recovery
8  against BDS, Pope is directly responsible for those damages as it was a substantial factor in
9  causing said damages.

## FIRST CAUSE OF ACTION

### (Negligence)

12  15.  BDS hereby incorporates paragraphs 1 through 14 as though fully set forth herein.
13  16.  Pope owed BDS a duty of care to act as a reasonably careful person would in the
14  same situation.  Pope breached that duty when it failed to act as a reasonably careful person
15  when it commenced construction without first assuring that construction debris would not
16  infiltrate BDS's offices. Pope also breached its duty by performing unpermitted work, which
17  amounts to negligence per se.

18  17.  BDS was harmed by Pope as alleged herein.  BDS has suffered damages
19  including, but not limited to, business interruption, attorneys' fees and costs, costs to hire
20  temporary workers to cover those employees forced to take sick leave or medical leave, multiple
21  rounds of air quality testing, cleaning fees, expenses in purchasing respirators and masks, and
22  potential liability to Plaintiffs for Pope's negligent acts.

23  18.  To the extent Plaintiffs' obtain any recovery against BDS, Pope is directly
24  responsible for those damages and was a substantial factor in causing said damages.

25  19.  Pope's negligence was a substantial factor in causing BDS's harm.

## SECOND CAUSE OF ACTION

### (Nuisance)

28  20.  BDS hereby incorporates paragraphs 1 through 14 as though fully set forth herein.

-4-
CROSS-COMPLAINANTS BARULICH, DUGONI AND SUTTMAN LAW GROUP, INC.'S CROSS-COMPLAINT FOR DAMAGES

21. BDS suffered harm when Pope created a nuisance at 400 South El Camino Real, Suite 1000, San Mateo, California, which was leased by BDS.

22. Pope, by acting and failing to act, created a condition or permitted a condition to exist that was harmful to health, indecent and offensive to the senses.

23. Pope's conduct in acting and/or failing to act was either intentional and unreasonable or unintentional, but negligent or reckless.

24. The poor air quality, odor and construction debris substantially interfered with BDS's use and enjoyment of its lease property.

25. An ordinary person would reasonably be annoyed or disturbed by Pope's conduct.

26. BDS did not consent to Pope's conduct.

27. BDS was harmed by Pope as alleged herein. BDS has suffered damages including, but not limited to, business interruption, attorneys' fees and costs, costs to hire temporary workers to cover those employees forced to take sick leave or medical leave, multiple rounds of air quality testing, cleaning fees, expenses in purchasing respirators and masks, and potential liability to Plaintiffs for Pope's negligent acts. Pope's conduct was a substantial factor in causing harm to BDS.

28. To the extent Plaintiffs' obtain any recovery against BDS, Pope is directly responsible for those damages and was a substantial factor in causing said damages.

29. The seriousness of the harm incurred outweighs any public benefit of Pope's conduct.

30. BDS is informed and believes, and on that basis alleges, that Pope acted willfully, knowingly, and intentionally in engaging in the conduct described herein. BDS is informed and believes and on that basis alleges that in doing the acts and in engaging in the conduct herein alleged, Pope acted in conscious disregard of the rights of BDS and engaged in despicable conduct which has subjected BDS and its employees to cruel and unjust hardship. BDS is informed and believes and on that basis alleges, that Pope acted with a willful and conscious disregard for the property or legal rights of BDS. BDS is therefore entitled to exemplary or

1  punitive damages, in an amount that will punish Pope for the conduct described herein and in an

2  amount that will deter them and others from engaging in similar conduct in the future.

### THIRD CAUSE OF ACTION

### (Implied Indemnity)

31. BDS hereby incorporates paragraphs 1 through 14 as though fully set forth herein.

32. BDS may be required to pay a court judgment in favor of Plaintiffs because Pope failed to use reasonable care, was negligent and created a nuisance while performing construction work at 400 South El Camino Real, San Mateo, California.

33. Pope's conduct was a substantial factor in causing harm to BDS.  To the extent Plaintiffs' obtain any recovery against BDS, Pope is directly responsible for those damages and was a substantial factor in causing said damages.

### PRAYER FOR RELIEF

WHEREFORE, BDS prays for judgment as follows:

1. That BDS be awarded compensatory damages including, but not limited to, lost earnings, lost profits, annoyance and discomfort, in an amount according to proof;

2. For punitive damages, according to proof;

3. That BDS be awarded attorneys' fees, costs, and expert witness fees;

4. That BDS be awarded pre-judgment and post-judgment interest;

5. That BDS be awarded exemplary and punitive damages in an amount sufficient to punish cross-defendants and deter future acts of unlawful conduct against other persons or entities, in an amount according to proof; and

6. For further relief as the Court deem just and proper.

///
///
///
///
///
///

CROSS-COMPLAINANTS BARULICH, DUGONI AND SUTTMAN LAW GROUP, INC.'S CROSS-COMPLAINT FOR DAMAGES

**Gordon Rees Scully Mansukhani, LLP**
275 Battery Street, Suite 2000
San Francisco, CA 94111

**JURY TRIAL DEMAND**

BDS hereby demands a trial by jury.

Dated: July 11, 2019                    GORDON REES SCULLY MANSUKHANI, LLP

By: *Stephanie Ulman*
Mark S. Posard
Stephanie Butori Ulman
Attorneys for Defendant
BARULICH, DUGONI, AND SUTTMAN
LAW GROUP, INC.