UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| JANELLE ALLEN, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>BARULICH, DUGONI, AND SUTTMANN LAW GROUP, INC., et al.,<br><br>　　　　　Defendants. | Case No. 19-cv-02657-LB<br><br>**ORDER GRANTING THIRD-PARTY DEFENDANT'S MOTION TO DISMISS**<br><br>Re: ECF No. 28 |

## INTRODUCTION

Four employees of a law firm, Barulich, Dugoni, and Suttmann Law Group, Inc. ("BDS"), filed suit under the Americans with Disabilities Act ("ADA") and the California Fair Employment and Housing Act ("FEHA") against BDS.[1] The plaintiffs allege that the air in their offices became contaminated with dust and debris from improper construction work on the floor above them, causing asthma attacks, ear infections, and upper-respiratory infections, and that BDS belittled their health conditions and refused to provide reasonable accommodations such as allowing them to work from home or wear respiratory masks. BDS, in turn, filed a third-party complaint for negligence, nuisance, and implied indemnity against D.A. Pope, Inc., the company that was doing

---

[1] Compl. – ECF No. 1. Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

ORDER – No. 19-cv-02657-LB

the construction work.² BDS alleges that D.A. Pope was engaging in non-permitted work and took no action to stop its construction dust and debris from contaminating BDS's offices.

D.A. Pope now moves to dismiss BDS's complaint. D.A. Pope contends that BDS's complaint is subject to Federal Rule of Civil Procedure 14(a)(1), which states that a defendant (like BDS) may serve a complaint on a third party (like D.A. Pope) if the third party "is or may be liable to [the defendant] for all or part of the claim against it." D.A. Pope argues that it is not liable to BDS for all or part of the plaintiffs' claims against BDS because those claims, at their core, are employment-related claims and D.A. Pope cannot be held liable to BDS for BDS's allegedly improper employment practices. D.A. Pope maintains that BDS's complaint therefore is not permitted under Rule 14(a)(1).

The court can decide D.A. Pope's motion to dismiss without oral argument. N.D. Cal. Civ. L.R. 7-1(b). BDS's claims against D.A. Pope are not derivative of the plaintiffs' claims against BDS and therefore cannot be asserted in a third-party complaint. The court therefore grants D.A. Pope's motion to dismiss.

**STATEMENT**

**1. The Plaintiffs' Allegations Against BDS**

Plaintiffs Janelle Allen, Sara Burton, Christie Orozco, and Royall Walters are current or former employees of the law firm Barulich, Dugoni, and Suttmann Law Group, Inc.³

Beginning in November 2017, the plaintiffs began to smell smoke around the office and found dust and debris covering their work areas.⁴ The plaintiffs allege that the air was hazardous to breathe and that they began coughing, were unable to breathe, became lightheaded, and suffered

---

² BDS Compl. – ECF No. 13.

³ Compl. – ECF No. 1 at 2 (¶ 1).

⁴ *Id.*

severe sore throats.[5] After prolonged exposure, they began to suffer from additional health issues, including asthma attacks, ear infections, and upper-respiratory infections.[6]

The plaintiffs determined that the contaminants were coming from a floor above their office space where construction workers had breached the casing over a vent.[7] The construction workers temporarily halted construction but resumed shortly thereafter.[8]

Over the next few months, the plaintiffs repeatedly complained to BDS's executive director and two BDS managing partners and provided notes from their physicians linking their health conditions to the air at work and stating that they should be allowed to work from home.[9] BDS allegedly refused to accommodate the plaintiffs.[10] The plaintiffs allege that they were met instead with sarcastic responses belittling their health conditions.[11] The plaintiffs allege that their conditions became unbearable to the point that three of them (Mses. Allen, Orozco, and Walters) had to resign and the fourth (Ms. Burton) had to go on unpaid medical leave for over a year.[12]

The plaintiffs bring claims against BDS under the federal Americans with Disabilities Act and the California Fair Employment and Housing Act for failure to accommodate and failure to engage in an interactive process regarding accommodations as required by the ADA and FEHA.[13] (One plaintiff, Ms. Allen, also brings claims for nonpayment of wages, alleging that BDS did not pay her all owed wages at the time of her resignation.[14])

---

[5] *Id.*
[6] *Id.*
[7] *Id.*
[8] *Id.*
[9] *Id.*
[10] *Id.*
[11] *Id.*
[12] *Id.*
[13] *Id.* at 14–17 (¶¶ 15–46).
[14] *Id.* at 17–18 (¶¶ 47–53).

## 2. BDS's Allegations Against D.A. Pope

D.A. Pope is a construction company or contractor.[15] From November 2017 to June 2018, D.A. Pope performed construction work on the floor above BDS's offices.[16]

BDS alleges that dust and debris from D.A. Pope's construction migrated to BDS's offices.[17] According to BDS, D.A. Pope was engaging in non-permitted construction work, which contributed to the dust and debris.[18] This led BDS employees to complain of a strong smoke odor and dust and debris in the air, as well as respiratory symptoms including sore throats, headaches, nausea, nasal congestion, skin rashes, and irritated eyes.[19] The strong smoke odor lingered for months, and dust and debris covered all surfaces such as doors and desks and was easily visible to the naked eye.[20] On November 29, 2019, the fire department closed down BDS's offices due to the strong odor and poor air quality.[21] On several other days, BDS was forced to shut down its office and send its employees home due to the construction dust and debris, which created unsafe working conditions for BDS employees.[22] BDS contends that D.A. Pope took no action to prevent its construction dust and debris from migrating to BDS's offices.[23]

BDS brings claims against D.A. Pope for negligence, nuisance, and implied indemnity.[24]

---

[15] BDS Compl. – ECF No. 13 at 2 (¶ 7).
[16] *Id.*
[17] *Id.* at 3 (¶ 12).
[18] *Id.* (¶ 11).
[19] *Id.* (¶ 8).
[20] *Id.*
[21] *Id.* (¶ 9).
[22] *Id.* (¶ 10).
[23] *Id.* (¶ 12).
[24] *Id.* at 4–6 (¶¶ 15–33).

## ANALYSIS

**1. Governing Law**

Federal Rule of Civil Procedure 14 governs third-party practice in federal court. *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1749 (2019); *accord, e.g.*, *Chavez v. City of Hayward*, No. 14-cv-00470-DMR, 2015 WL 3562166, at *8 (N.D. Cal. June 8, 2015) ("Federal Rule of Civil Procedure 14(a) governs when a defending party . . . may bring in a third party").[25]

Rule 14(a)(1) states in relevant part that "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." As the Ninth Circuit has explained, under Rule 14(a)(1), "a third-party claim may be asserted only when the third party's liability is in some way depend[e]nt on the outcome of the main claim and the third party's liability is secondary or derivative." *United States v. One 1977 Mercedes Benz*, 708 F.2d 444, 452 (9th Cir. 1983). "It is not sufficient that the third-party claim is a related claim; the claim must be derivatively based on the original plaintiff's claim." *Id.* In other words, "[t]he crucial characteristic of a Rule 14 claim is that defendant is attempting to transfer to the third-party defendant the liability asserted against him by the original plaintiff. The mere fact that the alleged third-party claim arises from the same transaction or set of facts as the original claim is not enough." *Stewart v. Am. Int'l Oil & Gas Co.*, 845 F.2d 196, 200 (9th Cir. 1988). If the third-party complaint does not include a claim derivatively based on the original plaintiff's claim, it is subject to dismissal. *Cf. One 1977 Mercedes Benz*, 708 F.2d at 452 (affirming dismissal of third-party complaint where claims against third party "[we]re related to but not derivative of the original . . . claim"); *Stewart*, 845 F.2d at 200 (same).

---

[25] BDS captioned its complaint against D.A. Pope as a "cross-complaint," but an original defendant can bring a cross-complaint only where the cross-complaint includes a cross-claim against another original defendant. *See, e.g.*, *Trs. of U.A. Local 159 Health and Welfare Trust Fund v. Ruiz Bros. Preferred Plumbing, Inc.*, No. C 09-2397 PJH, 2010 WL 2889477, at *4 (N.D. Cal. July 22, 2010); *Hawkins v. Berkeley Unified Sch. Dist.*, 250 F.R.D. 459, 462 (N.D. Cal. 2008); *Mantic Ashanti's Cause ex rel. Pinnock v. Cumming Family Trust*, No. 06-CV-0105 H(RBB), 2007 WL 1558620, at *2 (S.D. Cal. May 25, 2007). BDS's complaint, which does not include any claims against any original defendants, thus is properly construed as a third-party complaint subject to Rule 14 and not a cross-complaint. *Cf. U.A. Local 159*, 2010 WL 2889477, at *4; *Mantic Ashanti's*, 2007 WL 1558620, at *2.

ORDER – No. 19-cv-02657-LB    5

## 2. Application

BDS has not pleaded a valid claim against D.A. Pope that is derivatively based on the original plaintiffs' claims against BDS.

The plaintiffs' claims against BDS are that BDS violated the ADA and FEHA by failing to accommodate them and failing to engage in an interactive process regarding accommodations (and, with respect to one plaintiff, failed to pay all owed wages). BDS's claims against D.A. Pope for negligence and nuisance are not derivative of the plaintiffs' ADA and FEHA claims (or wage claims) and do not attempt to transfer to D.A. Pope the ADA and FEHA liability (or wage liability) that the plaintiffs assert against BDS. These claims thus do not provide a foundation for a proper third-party complaint under Rule 14(a)(1). *Cf., e.g.*, *Mantic Ashanti's Cause ex rel. Pinnock v. Cumming Family Trust*, No. 06-CV-0105 H(RBB), 2007 WL 1558620, at *3 (S.D. Cal. May 25, 2007) (dismissing third-party complaint where original plaintiffs brought ADA claims against defendant and defendant purported to file a third-party complaint, improperly captioned as a "cross-claim," against third parties that "does not attempt to transfer to [third-party] Defendants the liability asserted against [original defendant] by Plaintiffs"). BDS's implied-indemnity claim also does not provide a foundation for a proper third-party complaint under Rule 14(a)(1). "'It is well settled that a cause of action for implied indemnity does not accrue or come into existence until the indemnitee has suffered actual loss through payment.'" *Forensis Grp., Inc. v. Frantz, Townsend & Foldenauer*, 130 Cal. App. 4th 14, 28–29 (2005) (quoting *Major Clients Agency v. Diemer*, 67 Cal. App. 4th 1116, 1126–27 (1998)); *accord, e.g.*, *Phleger v. Countrywide Home Loans, Inc.*, No. C 07-1686 SBA, 2010 WL 11652417, at *3 (N.D. Cal. July 16, 2010) ("A claim for equitable indemnity does not accrue until the party seeking indemnification has actually *paid* a judgment or settlement.") (emphasis in original) (citing cases). BDS has not paid the plaintiffs for their claims, and thus it cannot bring a derivative implied-indemnity claim against D.A. Pope at this juncture.

BDS argues that its complaint against D.A. Pope is permissible because "Plaintiffs claim they were injured by D.A. Pope's construction activities on the floor above BDS'[s] office, and . . .

those injuries are what led to the employment related claims asserted by BDS[.]"[26] This somewhat misstates the plaintiffs' claims. The plaintiffs may have been sickened by D.A. Pope's construction activities, but the injury they are claiming in this lawsuit is not their original sickening but BDS's failure to provide reasonable accommodations when they got sick. BDS's claims against D.A. Pope are not derivate of the plaintiffs' claims against BDS for failure to provide those reasonable accommodations. To draw an analogy, suppose a construction company working on the floor above an office negligently caused a ceiling tile to fall on an employee, injuring her leg. While the construction company's negligence might be the cause of the initial injury, if the employer thereafter refused to provide the employee a reasonable accommodation for her injured leg and instead forced her to stand on that leg all day every day, the employer would be the one liable for any resulting violation of the ADA or FEHA. The construction company would not have derivative liability for the employer's decision to not provide its employee a reasonable accommodation and to force her to stand instead.

BDS argues that Rule 14 is designed to reduce multiplicity of litigation and thus is construed liberally in favor of allowing third-party complaints.[27] "This does not mean, however, that it is appropriate to authorize the filing of a third-party complaint if defendants fail to satisfy the requirements of Rule 14(a)." *Martinez v. Transp. Mgmt. LLC*, No. CV 08-00819-MMM(AJWx), 2008 WL 11338164, at *4 (C.D. Cal. Aug. 25, 2008).[28] BDS also argues that Federal Rule of Civil Procedure 20 allows joinder of D.A. Pope. Rule 20 provides that parties may be joined as defendants if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the

---

[26] BDS Opp'n – ECF No. 31 at 4–5.

[27] BDS Opp'n – ECF No. 31 at 4–5.

[28] The cases BDS cites are not to the contrary. For example, the court *Banks v. City of Emeryville*, 109 F.R.D. 535 (N.D. Cal. 1985) emphasized that Rule 14 allows a defendant to file a third-party complaint "upon a person not a party to the action *who is or may be liable to him for all or part of the plaintiff's claim against him.*" *Id.* at 539 (emphasis in original).

action." No right to relief is asserted against BDS and D.A. Pope jointly, severally, or in the alternative. *Cf. Martinez*, 2008 WL 11338164, at *5–6 (denying defendants' motion under Rule 20 to allow them to file a complaint against a third party where "[t]hey fail to demonstrate . . . that plaintiffs seek *any* relief from [third party], either jointly with defendants, severally, or as an alternative to the imposition of liability on defendants based on transactions and occurrences that form the basis for plaintiffs' complaint") (emphasis in original).[29]

## CONCLUSION

The court grants D.A. Pope's motion to dismiss. This dismissal is without prejudice to BDS asserting any claims it may have against D.A. Pope in another proceeding.

If BDS believes it can amend to plead a valid third-party complaint against D.A. Pope that complies with Rule 14(a)(1), it may file a motion for leave to amend within 14 days of the date of this order. BDS must file as an attachment a blackline of its proposed amended third-party complaint against its original third-party complaint.

**IT IS SO ORDERED.**

Dated: September 16, 2019

_____
LAUREL BEELER
United States Magistrate Judge

---

[29] BDS cites *Bravado International Group Merchandising Services v. Cha*, No. CV 09-9066 PSG (CWx), 2010 WL 2650432 (C.D. Cal. June 30, 2010) and *Maranon v. Santa Clara Stadium Authority*, No. 15-cv-04709-BLF, 2017 WL 1436115 (N.D. Cal. Apr. 24, 2017) in support of its argument that Rule 20 allows for joinder of its claims against D.A. Pope. Those cases are inapposite, as they address the standards for a plaintiff to join defendants where the plaintiffs seek relief from all of the prospective defendants, not for a defendant to implead a third party where the plaintiffs seek no relief from the third party.